UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODY JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:02CV1644 FRB |
| ) | |
| DON ROPER,[1] ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This cause is before the Court on Missouri state prisoner Jody Jones' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On August 18, 1999, a jury in the Circuit Court of Cape Girardeau County, Missouri, convicted petitioner of Robbery First Degree and Armed Criminal Action. On September 13, 1999, petitioner was sentenced as a prior and persistent offender to concurrent fifteen-year terms of imprisonment. On August 29, 2000, the Missouri Court of Appeals affirmed petitioner's conviction and sentence. State v. Jones, 25 S.W.3d 678 (Mo. Ct. App. 2000) (per curiam). Petitioner filed a motion for post-conviction relief

---

[1]Since the filing the instant petition for writ of habeas corpus, petitioner has been transferred to the Southeast Correctional Center (SECC) in Charleston, Missouri. Inasmuch as Chuck Dwyer is Superintendent of SECC, he should be substituted as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. On December 4, 2001, the Missouri Court of Appeals affirmed the denial of petitioner's motion for post-conviction relief. Jones v. State, 62 S.W.3d 640 (Mo. Ct. App. 2001) (per curiam). Petitioner avers that on January 22, 2002, the Missouri Court of Appeals denied his untimely Motion for Rehearing and/or Transfer to the Supreme Court. (Petn. at 4.) Petitioner's original petition for writ of habeas corpus was received by this Court on October 29, 2002. Petitioner's request for leave to file an amended petition was denied July 1, 2003.

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In his petition for writ of habeas corpus, petitioner raises three claims for relief:

(1) That he was denied his right to a fair and impartial trial when the trial court erroneously admitted evidence of prior bad acts;

(2) That he received ineffective assistance of trial counsel when counsel failed to object to the admission of evidence of prior bad acts and failed to request that the jury be admonished with respect to such evidence; and

(3) That petitioner was denied due process and equal protection of the law when the motion court denied him an evidentiary hearing on his motion for post-conviction relief.

In response, respondent argues that the claim raised in Ground 3 is not cognizable in this federal habeas petition and should be dismissed. Respondent further contends that the claims raised in

Grounds 1 and 2 are without merit and should be denied.

## I. Non-Cognizable Claim

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for writ of habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In his third ground for relief, petitioner claims that the post-conviction motion court erred in denying him an evidentiary hearing on his post-conviction motion inasmuch as he set forth sufficient facts to warrant a hearing, thereby depriving him of his right to due process and equal protection of the laws. "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317 (emphasis added).

> Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention

of appellant and not on the detention itself .
. . .

Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir. 1981).

Petitioner's instant claim that the post-conviction motion court erred when it denied him an evidentiary hearing is collateral to petitioner's conviction and therefore is not cognizable in this § 2254 proceeding. As such, the claim raised in Ground 3 of the instant petition is not cognizable in this federal habeas proceeding and should be denied.

## II. Cognizable Claims

Petitioner's remaining claims appear to state claims that he is in custody in violation of his constitutional rights. Such claims are cognizable and thus may be addressed by this Court.

A. Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court.

Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, 544 U.S. 269 (2005).

A review of the record shows the claims raised in Grounds 1 and 2 of the instant petition to be exhausted inasmuch as petitioner properly raised such claims in state court.

B.  Claims Addressed on the Merits

Petitioner raised the claim in Ground 1 of the instant petition on direct appeal. The claim raised in Ground 2 was raised in petitioner's motion for post-conviction relief and on appeal of the denial of the motion. Upon review of the merits of the claims, the Missouri Court of Appeals denied petitioner relief in each appeal. (Resp. Exhs. E, J.)

Section 2254(d)(1) requires federal habeas courts to test the determinations of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the

United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

1. Ground 1 - Evidence of Prior Bad Acts

In his first ground for relief, petitioner contends that the trial court erred in permitting Detective David Sanders to testify as to a previous arrest which constituted inadmissible evidence of petitioner's prior bad acts. Petitioner raised this claim on direct appeal, upon which the Missouri Court of Appeals

denied relief. (Resp. Exh. E.)

In determining the merits of petitioner's claim, the court of appeals summarized the relevant facts adduced at trial as follows:

> Thomas Leggett worked at the customer service counter for Storey's Food Giant in Cape Girardeau County. Defendant approached Leggett and asked for change for a twenty dollar bill. Leggett gave Defendant twenty one-dollar bills. As he was placing Defendant's twenty in the register, he looked up and saw Defendant was pointing a small revolver at him. Defendant demanded the rest of the money. Leggett gave him the hundreds and fifties. Defendant grabbed the twenties and ran from the store.
>
> About two months later, an anonymous source told a Food Giant employee that Defendant had committed the robbery. After Leggett viewed Defendant in a lineup, he told police he was "reasonably sure" Defendant was the robber. He later positively identified Defendant as the robber. Defendant ultimately confessed to the robbery.
>
> . . .
>
> [At trial,] Detective Sanders outlined how the investigation proceeded after the anonymous source fingered Defendant for the robbery. Defendant complains about the following testimony:
>
>> A. Well, I first began to look into find out about Jody to run him on our computer and see who he was, and as I found out that he had been arrested just the previous weekend. So I had a picture of him that was a recent picture, and by – by using that picture, I did a photo lineup again and showed the photo lineup to Mister Leggett.
>>
>> . . .

> Q. Okay, and did, at this time, you establish or set up a live lineup?
>
> A. Yes, Mister – Mister Leggett had stated, whenever he saw the photo lineup of Jody, he stated that he would feel more certain if he could see this person in person, see him live, and also could hear – if he could hear his voice, he would feel better if he could do that. So we had – and part of my – in checking into Jody, I found out there had been a warrant issued for him –

(Resp. Exh. E at 3-4.)[2]

With respect to petitioner's challenge to Detective Sanders' testimony regarding petitioner's previous arrest on the basis that it constituted improper evidence of other crimes, the Missouri Court of Appeals articulated Missouri law and, based thereon, determined the challenged evidence not to have been inadmissible:

> In general, evidence of other crimes is inadmissible to show a defendant's propensity to commit such crimes. State v. Conley, 873 S.W.2d 233, 236 (Mo. banc 1994). However, this rule of exclusion only applies to evidence that defendant has committed, been accused of, been convicted of, or been definitely associated with another crime or crimes. State v. Hornbuckle, 769 S.W.2d 89, 96 (Mo. banc 1989); State v. Garrett, 813 S.W.2d 879, 881 (Mo. App. E.D. 1991). Detective Sanders' statements were not clear evidence definitely associating Defendant with another uncharged crime. Vague references to uncharged offenses lack sufficient prejudice

---

[2]Inasmuch as petitioner does not rebut these factual findings by clear and convincing evidence, they are presumed to be correct. 28 U.S.C. § 2254(e)(1).

> to warrant corrective action. <u>State v. Sanders</u>, 903 S.W.2d 234, 238 (Mo. App. E.D. 1995). In addition, there is no evidence that the prosecution consciously attempted to interject prejudicial inferences through the detective's testimony, and further, the prosecution did not emphasize the remarks. Point denied.

(Resp. Exh. E at 4-5.)

At the time petitioner's conviction became final, the law was clearly established that the determination as to the admission of evidence under state law violates the Due Process Clause of the Fourteenth Amendment only if such determination fatally infects the trial so as to render the trial fundamentally unfair. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Lisenba v. California</u>, 314 U.S. 219, 236 (1941). It is not the province of the federal courts to re-examine state court determinations on matters of state law. <u>Estelle</u>, 502 U.S. at 67-68. Thus, this Court need not determine whether the evidence at issue was properly admitted, but whether, upon review of the entire trial process, such evidentiary ruling violated petitioner's constitutional rights. <u>Id.</u>; <u>McCafferty v. Leapley</u>, 944 F.2d 445, 453 (8th Cir. 1991). For an alleged evidentiary error to have violated petitioner's constitutional rights, petitioner "must show a reasonable probability that the error affected the trial's outcome," <u>Richardson v. Bowersox</u>, 188 F.3d 973, 980 (1999) (internal quotation marks and citations omitted), that is, whether there is a reasonable probability that the verdict might have been different had the error not occurred.

Harris v. Bowersox, 184 F.3d 744, 752 (8th Cir. 1999); Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987). The federal court must find more than trial error or even plain error to warrant habeas relief on the basis of evidentiary questions. McCafferty v. Leapley, 944 F.2d 445, 452 (8th Cir. 1991).

Petitioner complains that Detective Sanders' testimony constituted improper evidence of prior bad acts. "No due process violation exists for the admission of prior bad acts testimony[, however,] unless it can be said that the testimony was 'so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived [defendant] of fundamental fairness.'" McDaniel v. Lockhart, 961 F.2d 1358, 1360 (8th Cir. 1992) (quoting Hobbs v. Lockhart, 791 F.2d 125, 128 (8th Cir. 1986)). The Court must review the totality of the facts and the fairness of the whole trial when determining whether petitioner was denied due process. McDaniel, 961 F.2d at 1360.

In this cause, Detective Sanders' challenged testimony was comprised of isolated responses given to the prosecutor's questions relating to the circumstances by which Detective Sanders was able to obtain a picture of the petitioner for a photo lineup, and later to obtain physical custody of the petitioner for a live lineup. (Resp. Exh. A, Trial Tr. at 182-85.) Detective Sanders was not questioned about nor testified to any specific past acts of petitioner or indicate what the circumstances surrounding those acts might be. Instead, such testimony centered upon his investi-

gation into the robbery at issue and the procedures he used in putting together the various lineups for Mr. Leggett to view. In addition, a review of the trial transcript shows Mr. Leggett, the eyewitness to the crime, to have testified as to his certainty of petitioner being the perpetrator of the crime. Further, Detective Sanders testified as to petitioner's confession to the crime during interrogation. In light of the eyewitness testimony as to petitioner's involvement in the robbery at issue, petitioner's confession thereto, the lack of any specific testimony or evidence associating petitioner with prior criminal activity, and the isolated nature of Detective Sanders' responses to the prosecutor's questions, it cannot be said that to the extent evidence of petitioner's prior bad acts was admitted at trial, such admission was "so egregious that [it] fatally infected the proceedings and rendered [the] entire trial fundamentally unfair." Young v. Bowersox, 161 F.3d 1159, 1161 (8th Cir. 1998). Finally, all of the elements necessary to prove the crime were met irrespective of this isolated admission of petitioner's prior criminal activity. See Harris v. Bowersox, 184 F.3d 744, 755 (8th Cir. 1999). Accordingly, petitioner's claim that the admission of prior bad acts testimony violated his right to due process should be denied.

Based on the above, the state court's determination to deny petitioner relief on petitioner's claim of evidentiary error was neither contrary to, nor involved an unreasonable application of clearly established federal law. Williams, 529 U.S. at 391.

Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner's claim raised in Ground 1 of the instant petition for writ of habeas corpus should therefore be denied.

   2.   Ground 2 - Assistance of Counsel

In his second ground for relief, petitioner contends that he received ineffective assistance of trial counsel in that counsel failed to object to the admission of Detective Sanders' testimony relating to petitioner's prior arrest and in his failure to request that the jury be admonished as to such testimony. Petitioner raised this claim in his motion for post-conviction relief and on appeal of the denial of the motion, upon which the Missouri Court of Appeals denied relief. (Resp. Exh. J.)

At the time petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. Id. at 687. In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. The petitioner bears a heavy burden

in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. To establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

In this cause, the Missouri Court of Appeals applied the <u>Strickland</u> standard to petitioner's claim of ineffective assistance of counsel and determined petitioner not to have shown prejudice by counsel's conduct inasmuch as the testimony to which petitioner claims counsel should have objected and upon which petitioner claims counsel should have sought a mistrial did not constitute inadmissible evidence of prior bad acts. (Resp. Exh. J at 2-3.) (<u>See also</u> Discussion, <u>supra</u>, at Section II.B.1.)

Counsel cannot be said to be ineffective in failing to pursue a matter upon which there is no reasonable likelihood of success. <u>See</u> <u>Smith v. Armontrout</u>, 888 F.2d 530, 545 (8th Cir. 1989); <u>see also</u> <u>Burton v. Dormire</u>, 295 F.3d 839, 846 (8th Cir. 2002) (cannot fault counsel for failing to raise issue if no relief could possibly have been obtained); <u>Blankenship v. United States</u>, 159 F.3d 336, 338 (8th Cir. 1998) (no prejudice from counsel's failure to pursue non-meritorious issue); <u>Grubbs v. Delo</u>, 948 F.2d 1459, 1464 (8th Cir. 1991); <u>Meyer v. Sargent</u>, 854 F.2d 1110, 1115-16 (8th Cir. 1988). As such, the decision of the Missouri Court of

Appeals that counsel's failure to raise a non-meritorious objection at trial or seek non-meritorious relief did not constitute ineffective assistance, was neither contrary to nor an unreasonable application of clearly established federal law. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the claim raised in Ground 2 of the instant petition should be denied. 28 U.S.C. § 2254(d).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Chuck Dwyer, Superintendent of Southeast Correctional Center, is substituted for Don Roper as proper party respondent.

**IT IS FURTHER ORDERED** that petitioner Jody Jones' petition for writ of habeas corpus (Docket No. 4) is dismissed without further proceedings.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _3rd_ day of March, 2006.